UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Bankruptcy Case No. 10 B 57906 |
| | ) | |
| BRENDA K. ROGERS, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |

## MEMORANDUM OPINION REGARDING
## COUNSEL FOR DEBTOR'S AMENDED FEE APPLICATION

Ronald B. Lorsch ("Lorsch") seeks attorney's fees in excess of the compensation permitted under the Court-Approved Retention Agreement (the "CARA"), which he executed with his client Brenda K. Rogers (the "Debtor"). For the reasons set forth below, the Court grants, in part, the request in Lorsch's Amended Application for Compensation, filed November 29, 2012 (the "Amended Application"), and awards Lorsch compensation and reimbursement of expenses in the amount of $17,963.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### Background

On December 31, 2010, the Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.[1] About a month later, on January 28, 2011, Lorsch filed his initial application for compensation. Attached to the application is the CARA, signed by the Debtor

---

[1] The Court takes judicial notice of the docket in this case, including all documents and pleadings filed, all orders entered, and all arguments made at the hearings held before the Court during the pendency of this case. *See In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006). Unless otherwise noted, all statutory and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532, and the Federal Rules of Bankruptcy Procedure.

1

and Lorsch, under which Lorsch agreed to a $3,500 flat fee for his services. The Debtor is not a typical chapter 13 debtor. At the time of the filing of the petition, she owned eight pieces of real estate—her home and seven investment properties. The Debtor allegedly had equity in some of the properties; in others, she had no equity. Some of the investment properties generated income, while others did not.

During the course of the chapter 13 case, four objections to confirmation were filed, three by mortgage lenders and one by the standing chapter 13 trustee (the "Trustee"). The Trustee's objection and subsequent reply alleged that the chapter 13 case was not filed in good faith as required by section 1325(a)(3) and that the plan did not satisfy the "best interests" test of section 1325(a)(4). The Trustee's objection was thoroughly briefed and led to a sixteen-page written ruling by Judge Sonderby on April 19, 2012, wherein she overruled the objection to the extent it was based on the good faith requirement of section 1325(a)(3) and continued plan confirmation to address the best interests test of section 1325(a)(4). The confirmation hearing was continued twelve times prior to Judge Sonderby's ruling and another four times after the ruling. On September 22, 2011, a modified plan was filed by Lorsch on behalf of the Debtor. That plan was confirmed on October 4, 2012.

Also during the course of the chapter 13 case, prior to confirmation, three separate motions for relief from the automatic stay of section 362 were filed, two by the same lender. In addition, the Debtor's schedules were amended on four separate occasions. And various issues involving the Illinois Department of Revenue were addressed and resolved by Lorsch before the plan was confirmed.

As a result of all of the above, on November 29, 2012, Lorsch filed the Amended Application. Attached to the Amended Application is Lorsch's "Record of Time" wherein he

2

outlines 77.93 hours of services provided to the Debtor and requests compensation (at the rate of

$300 per hour) in the total amount of $23,379 for such services. Lorsch also requests $323 in

expenses for the Debtor's filing and credit counseling fees. The Amended Application reflects a

credit for a $550 retainer provided pre-petition to Lorsch by the Debtor. On January 16, 2013, in

response to a request from the Court, Lorsch filed a supplement to the Amended Application (the

"Supplement") that detailed with greater specificity the history of the Debtor's case and the

alleged extraordinary issues the Debtor faced which, Lorsch argues, justify compensation in

excess of the CARA flat fee.

## Discussion

Local Bankruptcy Rule 5082-2 governs applications for compensation and

reimbursement for professional services in chapter 13 cases.[2] Attorneys who enter into the

CARA are responsible for representing the debtor in all matters arising in the case and receive a

flat fee for services outlined in the agreement. By entering into the CARA, Lorsch agreed,

among other things before the case was filed, to "[p]ersonally review with the debtor and sign

the completed petition, plan, statements, and schedules, as well as all amendments thereto,

whether filed with the petition or later." Local Bankruptcy Form 23c.[3] He also agreed, after the

case was filed, to:

1. Advise the debtor of the requirement to attend the meeting of creditors, and
   notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint
   filing, that both spouses must appear at the same meeting.

---

[2] For a history of the implementation of this rule, see *In re Brent*, 458 B.R. 444, 450–52 (Bankr. N.D. Ill. 2011); *In re Andreas*, 373 B.R. 864, 871–72 (Bankr. N.D. Ill. 2007).

[3] Lorsch and the Debtor executed a version of the CARA for cases filed on or after May 1, 2007. The most current version of the CARA was revised as of March 15, 2011. For purposes of this Memorandum Opinion, the slight differences between the two versions are not significant.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case.

*Id.*

Under Local Rule 5082-2, "[i]f debtor's counsel and the debtor have entered into the [CARA], counsel may apply for a Flat Fee not to exceed the amount authorized by the applicable General Order." The flat fee is currently set at $3,500. General Order No. 07-02. The CARA allows debtor's counsel to apply to the Court for additional compensation "[i]n extraordinary circumstances, such as extended evidentiary hearings or appeals." Local Bankruptcy Form 23c.

Notwithstanding Lorsch's agreement to a flat fee pursuant to the CARA, he now seeks approval of a fee of $23,379, which is $19,879 over the court-authorized flat fee. The issue before the Court is whether this case presents "extraordinary circumstances" that warrant the additional fee.

As outlined above, this is not a typical chapter 13 case because the Debtor owns several pieces of investment real estate which Lorsch had to deal with during the course of the case. However, the Court cannot help but note that Lorsch knew when he executed the CARA that the Debtor owned all of this real estate and he could have anticipated many of the issues that arose relating to the properties.

On the other hand, Lorsch had to address the concerns and objections of several secured creditors and respond to the Trustee's objection to confirmation. It is somewhat "extraordinary" that the Trustee would so rigorously pursue the objection and that the matter would require such extensive briefing. Further, from a review of the record, it appears that while the Trustee's objection was pending before Judge Sonderby's ruling, twelve separate hearings on confirmation alone took place, each of which Lorsch attended. Attendance at that many confirmation hearings may not have been easily anticipated by Lorsch when he filed the case. In addition, several other

5

issues were raised by secured lenders that may have been beyond what counsel for a chapter 13

debtor could have anticipated.

Lorsch outlines in his Supplement a description of the issues that he alleges constitute

"extraordinary circumstances" justifying further compensation. The problem, however, is that

Lorsch's Amended Application does not contain sufficient descriptive detail in many instances to

permit the Court to distinguish between ordinary services, which any chapter 13 debtor's counsel

should be rendering to his client as outlined in the CARA, and extraordinary services, justifying

additional compensation above the CARA flat fee. *See* Fed. R. Bankr. P. 2016(a) (requiring a

detailed statement of the services rendered).

The Court, thus, has to rely on certain assumptions in allocating the many vague entries

in the Supplement to specific services that would be considered extraordinary for purposes of

awarding compensation in excess of the CARA flat fee.[4] That said, it is not surprising that

Lorsch's "Record of Time" is not more detailed. Attorneys who render services to chapter 13

debtors and enter into the CARA are not required to keep fee detail as are attorney rendering

services to chapter 11 debtors and who will be filing fee applications under section 330.

As a result, the Court is somewhat handicapped in determining which of the services

rendered by Lorsch were extraordinary, justifying compensation above the flat fee provided by

the CARA. Of the 77.93 hours detailed in the Amended Application, the Court finds that at least

28 hours were clearly spent on the provision of extraordinary services. At $300 per hour, Lorsch

is entitled to $8,400 in addition to the $3,500 CARA flat fee. Beyond that, however, it is

impossible to determine from the Amended Application which services fall within the

"extraordinary circumstances" category. Acknowledging the numerous challenges faced by

---

[4] Multiple entries, for example, note simply "called client," "telephone call from client," or "client called." Other
entries state merely that a plan, letter, or other document was received.

Lorsch in this case, however, the Court will grant him 50 percent of the amount indicated in the

Amended Application over the $8,400 in clearly extraordinary services and the $3,500 flat fee,

or another $5,740 in fees (half of the remaining $11,479 requested), for a total compensation

award of $17,640 in fees.  In addition, Lorsch is entitled to $323 in expenses, and the Debtor is

entitled to a credit for the $550 retainer, making the total balance due to Lorsch $17,413.

## Conclusion

Based upon the foregoing, attorney Ronald B. Lorsch is entitled to fees of $14,140 in

addition to the $3,500 flat fee, for a total of $17,640.  Lorsch is also entitled to reimbursement of

expenses in the amount of $323, and the Debtor is entitled to a credit of $550 for the pre-petition

retainer she paid.  Thus, the amended application for compensation is granted in the amount of

$17,413 and denied as to the remaining amounts.

Date:  March 14, 2013

_____
Honorable Janet S. Baer
United States Bankruptcy Judge